IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARIO MCGOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-114-O |
| | § | |
| DAVID DUKE, et al. | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CASE

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by an individual who, at the time of filing, was confined in the Wichita County Jail in Wichita Falls, Texas. Defendants are Wichita County Sheriff David Duke and Captain Lisa Patterson. *See* Complaint, ECF No. 1 at 3. Plaintiff states that, after 7½ months' confinement in the Wichita County Jail and while in the custody of Sheriff Duke and the care of Captain Patterson, he contracted COVID-19. *Id.* at 4. Plaintiff alleges that Duke failed to provide him with " 'safe' incarceration" and that Patterson "failed to uphold the responsibility entrusted to her." *Id.* Plaintiff states that, from July 15, 2020 to July 23, 2020, he suffered COVID-19 symptoms which included headaches, whole body aches, diarrhea, and terrifying disorientation. *Id.* He claims that he later suffered sporadic symptoms. *Id.* Plaintiff seeks monetary compensation and he asks that Defendants be held liable for any health complications that may result from having contracted COVID-19. *Id.*

In order to flesh out the facts underlying Plaintiff's complaint, a questionnaire was issue to him by the Court. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of a *pro se* litigant's insufficient factual allegations before dismissal is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for a court to develop the factual basis of a *pro se* plaintiff's complaint). Plaintiff filed his answers

in response to the Court's questions. *See* ECF No. 19. After review of the complaint and of Plaintiff's answers to questions, the Court finds that this case should be **DISMISSED**.

## Legal Standards

Under the Prison Litigation Reform Act of 1995, a federal action filed by an individual proceeding *in forma pauperis* must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and he must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). But "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007) (citations omitted).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and while the Court must accept all of a plaintiff's factual allegations as true, it is " 'not bound to accept as true a legal

conclusion couched as a factual allegation.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* An action may be dismissed for failure to state a claim where it is clear that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

To state a claim under § 1983, "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)). If the plaintiff establishes a constitutional violation, the plaintiff can bring suit against the individual actors that allegedly violated the plaintiff's constitutional rights and, in limited circumstances, the individuals' supervisor and the municipality for which the individuals were acting. *See id.* at 242-47.

## Discussion

Plaintiff contracted COVID-19 in mid-July, 2020. He states that the jail was operating normally until he and 20 or more other inmates tested positive for COVID. *See* Plaintiff's Answer to the Court's Question No. 2, ECF No. 19 at 2. He claims that Defendants Duke and Patterson knew people were dying from COVID, that they continued to allow Aramark food service workers to decide whether to wear masks, and that officers touched his food to see if a Kool-Aid packet was on the tray while wearing gloves that touched nasty food carts. *Id.* at Answers to Questions No. 4, 6, ECF No. 19 at 4, 6. Plaintiff states that inmates touched bread when serving food, that the jail was unlawfully crowded with inmates, and that Defendants failed to caution him and other

3

inmates until it was too late. *Id.* Plaintiff states that he and the other inmates who contracted COVID were quarantined but that Aramark food workers continued to be careless in handling inmates' food. *Id.*

Plaintiff claims that Sheriff Duke and Captain Patterson failed to protect him from harm, namely from being infected with COVID-19. Pursuant to the Fourteenth Amendment, jail officials have a duty to provide a pretrial detainee in their custody "with basic human needs, including . . . protection from harm, during [his] confinement." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). That said, those officials "are expected to provide only reasonable, not absolute, safety." *Williams v. Gusman*, Civ. Action No. 15-96, 2015 WL 5970424, at *8 (E.D. La. Oct. 14, 2015) (internal quotation marks omitted).

To establish a failure-to-protect claim under § 1983, a detainee must show that he was confined under conditions posing a substantial risk of serious harm and that jail officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Accordingly, "[a]ctual knowledge and appreciation of the risk are required." *Smith v. Jaramillo*, 394 F. App'x 183, 185 (5th Cir. 2010). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998); *accord Dangerfield v. Dyson*, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

The Court finds Plaintiff's allegations against Defendants Duke and Patterson conclusory in nature and lacking in factual support. As such, his allegations are insufficient to maintain this

4

lawsuit. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff failed to provide concrete operative facts that could show that Defendants were deliberately indifferent to his risk of contracting COVID-19. His subjective beliefs that the jail was unlawfully overcrowded and that food service workers should have been wearing masks and not touching his food, without more, are insufficient to show deliberate indifference on the part of Defendants.

The Court notes that Plaintiff contracted COVID-19 in mid-July, 2020, which was early-on during the COVID pandemic. Even if Defendants were aware that food service workers may not have been wearing masks, the Court finds that Plaintiff failed to state a plausible claim. For example, in a case arising out of the Idaho State Correctional Center, a prisoner asserted a § 1983 claim predicated on an allegation that visitors, staff, and inmates were not required to wear masks from **March to June of 2020**. United States District Judge B. Lynn Winmill determined that the allegation was insufficient to state a plausible failure-to-protect claim, noting:

> That prison officials did not require face masks for the first few months of the pandemic does not establish deliberate indifference. What we know about COVID-19 and the spread of the novel coronavirus is constantly changing, as new information is released by medical researchers, agencies, and other authorities. At first, it was unclear whether cloth face masks would be particularly effective in curbing the spread of the virus. Of course, we now know that such masks do help reduce the risk of transmission. But it was not unreasonable for prison officials to refrain from requiring face masks in the early months of the pandemic, particularly when access to such masks was limited.

*Kesling v. Tewalt*, No. 1:20-cv-334, 2020 WL 4496495, at *6 (D. Idaho Aug. 4, 2020). The same is true in this case. The facts alleged by Plaintiff are simply insufficient to state a *plausible* failure-

to-protect claim. *See Mayfield v. Peissig*, No. 20-cv-269, 2020 WL 3414757, at *2 (W.D. Wis. June 22, 2020) ("[P]laintiff's general allegations about a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety.").

## Conclusion

The Court has the power to pierce the veil of a *pro se* plaintiff's allegations and dismiss claims with factual contentions that are clearly baseless. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Although *pro se* complaints are to be construed liberally, the Court is bound by a plaintiff's allegations and is not free to speculate that the plaintiff might be able to state a claim if given multiple opportunities to add more facts. *See id.*

Plaintiff was put on notice that, upon preliminary review, the Court perceived the facts set forth in his complaint as inadequate. *See* ECF No. 18 at 1. He was provided with an opportunity to provide more specific facts to support his claims by way of Questionnaire. *Id.* Review of Plaintiff's responses reflects that he failed to articulate facts that could indicate Defendants violated his constitutional rights.

Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**SO ORDERED** this **25th day** of **September, 2024.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**